

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

FILED

DEC 16 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| ESTATE OF VENITA FELTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | C.A. No.: 1:10-cv-00076 |
| DISTRICT OF COLUMBIA, *et al.*, ) | (EGS) |
| ) | |
| Defendants. ) | |
| ) | |

## STIPULATED PROTECTIVE ORDER

Because certain information, documents and things of the parties subject to discovery in this action are confidential or proprietary (hereinafter collectively referred to as CONFIDENTIAL INFORMATION), including information subject to D.C. Code § 7-1305.12, and D.C. Code § 1-631.01 and in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding CONFIDENTIAL INFORMATION, by agreement of the parties and for good cause shown, and subject to any other objections that the parties may assert, the parties shall provide access to and accept such information, documents and things, subject to certain protective provisions hereinafter set forth.

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that:

1.      This Protective Order shall apply to all information, documents and things subject to discovery in this action, produced by a party, including, without limitation, documents and information produced pursuant to Rule 26, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rule 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from

inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

## CATEGORIES OF INFORMATION

2. <u>Documents Not Subject To This Protective Order</u>.

    a)  These are documents produced outside the scope of this Protective Order for which the party producing the documents does not assert any sensitivity with respect to their future dissemination. Such documents so produced will bear no stamp identifying them as subject to this Protective Order, and the party receiving such documents is not in any way restricted in their future dissemination by this order.

    b)  CONFIDENTIAL INFORMATION does not include, and this Stipulated Protective Order does not restrict, the use or dissemination of information obtained from sources other than the parties and/or their counsel, except as otherwise provided by law.

3. <u>Documents Subject To This Protective Order</u>.

    a)  Any Producing Party to this action shall have the right to designate as CONFIDENTIAL any information which it in good faith believes to be proprietary information, confidential business information and/or trade secrets, personnel records, documents subject to D.C. Code § 7-1305.12, or any other information protected from disclosure by statute and/or administrative regulation.

    b)  Any Producing Party to this action shall have the right to designate as CONFIDENTIAL – FOR LAWYERS' EYES ONLY information that contains :

        (i)  Profit and Loss information;

        (ii)  Customer Lists;

        (iii)  Income and expense reports;

        (iv)    Other financial data concerning the operations of the parties' respective businesses; and

        (v)    Personnel records, documents subject to D.C. Code § 7-1305.12, or any other information protected from disclosure by statute and/or administrative regulation.

    c)    As set forth below, documents and things that are stamped CONFIDENTIAL or CONFIDENTIAL – FOR LAWYERS' EYES ONLY will be treated in accordance with this Protective Order as containing CONFIDENTIAL INFORMATION and shall not be used or disclosed for any purpose other than discovery, trial, and any appeals or other proceedings in this action.

    4.    All consultants and experts having access to CONFIDENTIAL INFORMATION shall sign a statement acknowledging their agreement to the terms of this Protective Order in the form of Exhibit A. Copies of such statements shall be maintained by the party who has disclosed the CONFIDENTIAL INFORMATION to the signator.

### HANDLING OF CONFIDENTIAL INFORMATION

    5.    Material designated CONFIDENTIAL may be disclosed only to:

    a)    The (i) Court and its personnel and (ii) members of the jury in this case;

    b)    Counsel for the parties and personnel or agents, such as paralegals, photocopying services, and court reporters who are actually involved in assisting counsel in the prosecution or defense of this action, provided, however, that such employees have access to information designated as CONFIDENTIAL only to the extent necessary to perform their duties as set forth by opinion of the respective counsel;

    c)    Court reporters involved in transcribing depositions or other proceedings

in this litigation, and videographers involved in recording depositions, provided that they are provided information designated CONFIDENTIAL only to the extent necessary to perform their duties;

    d)    Experts whose technical advice and consultations are being used in connection with the present litigation, together with their secretarial and clerical personnel, provided, however, that such secretarial and clerical personnel have access to the information designated as CONFIDENTIAL only to the extent necessary to perform their duties;

    e)    Corporate representatives of the parties to this litigation, provided, however, that such representatives have access to the information designated as CONFIDENTIAL only to the extent necessary to assist in the litigation;

    f)    Any insurer or indemnitor of a party or its counsel; and

    g)    any natural person who (i) is a current employee of the Producing Party or (ii) authored, received, or otherwise accessed the Confidential Information in the ordinary course, outside of the context of this litigation.

6.    Material designated CONFIDENTIAL – FOR LAWYERS' EYES ONLY shall be disclosed only to:

    a)    The (i) Court and its personnel and (ii) members of the jury in this case;

    b)    Outside Counsel for the named parties and such Outside Counsel's agents or employees who are actually involved in assisting counsel in the prosecution or defense of this action, provided, however, that such employees have access to information designated as CONFIDENTIAL – FOR LAWYERS' EYES ONLY only to the extent necessary to perform their duties as set forth by opinion by the respective counsel.

Outside Counsel does not include the parties' respective in-house counsel or general counsel;

c) Court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they are provided information designated as CONFIDENTIAL – FOR LAWYERS' EYES ONLY only to the extent necessary to perform their duties; and

d) Experts whose technical advice and consultations are being used in connection with the present litigation, together with their secretarial and clerical personnel, provided, however, that such secretarial and clerical personnel have access to information designated as CONFIDENTIAL – FOR LAWYERS' EYES ONLY only to the extent necessary to perform their duties.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

7. In the event that any party disagrees at any stage of the proceedings with the designation of any information as CONFIDENTIAL INFORMATION, the parties shall try to resolve such dispute in good faith on an informal basis. Any receiving party may at any time request that the producing party cancel the CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be written, shall be served on counsel for the producing party, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the receiving party contends is not properly designated and the reasons supporting its contentions. If the designating party refuses to cancel the CONFIDENTIAL INFORMATION designation, the designating party shall respond in writing with its reasons as to why the information should remain confidential. If the dispute cannot be informally resolved, then the receiving party shall have the right to object to the designation by appropriate motion

before the Court. If a motion is filed, the initial designation shall remain until the Court rules on such motion and thereafter shall be governed by the Court's ruling. The acceptance by a party of any information, document or thing identified as CONFIDENTIAL INFORMATION hereunder shall not constitute evidence, an admission, or a concession that the information, document, or thing actually is confidential or proprietary.

## TESTIMONY INCLUDING CONFIDENTIAL INFORMATION

8. <u>Depositions</u>.

    a) Other than Court personnel and Court reporters, only outside counsel of record for the parties and his/her associates actively involved in the case, the witness, his/her attorney, and experts who have met the requirements of Paragraph 4 of this Protective Order may be present at any examination concerning CONFIDENTIAL INFORMATION of the other party or a third party.

    b) Information disclosed at any deposition may be designated CONFIDENTIAL INFORMATION by indicating on the record at the deposition that testimony is CONFIDENTIAL INFORMATION and is subject to the provisions of this Protective Order. Whenever any document designated as CONFIDENTIAL INFORMATION is identified as an exhibit in connection with testimony given in a deposition, it shall be so marked and separately bound, unless the parties stipulate otherwise on the record.

    c) In the event that a party inadvertently fails to designate the information as CONFIDENTIAL INFORMATION during a deposition, the party may within seven (7) days after the receipt of the deposition transcript designate the information as CONFIDENTIAL INFORMATION by notifying all parties in writing of the specific

pages and lines of the transcript which should be treated as CONFIDENTIAL INFORMATION. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in his possession, custody, or control.

### TIMING FOR CLASSIFICATION OF DOCUMENTS AND THINGS

9. <u>Marking of Documents or Things</u>.

  a) Information or documents may only be designated as CONFIDENTIAL INFORMATION by the party who produced the information.

  b) The party designating information as CONFIDENTIAL INFORMATION shall designate only that portion of the information which is considered in good faith to be confidential and covered by this Protective Order. Such designation shall be made in writing and furnished to counsel for the other parties at or prior to the time of disclosure of any such information. Any record, document, pleading, discovery response, deposition transcript or portion thereof designated as CONFIDENTIAL INFORMATION shall be clearly stamped CONFIDENTIAL or CONFIDENTIAL – FOR LAWYERS' EYES ONLY by the person who produced the information at or prior to the delivery of the information to the Court or any other party, except each page of a personnel file need not be so stamped (though the first page of each file shall be so stamped).

  c) In the event that a party produces information which should have been designated as CONFIDENTIAL INFORMATION yet inadvertently failed to designate the information as CONFIDENTIAL INFORMATION, the party may within seven (7) days of the production, designate the information as CONFIDENTIAL INFORMATION. All parties who received the information without the CONFIDENTIAL INFORMATION designation will return the non-designated copy to the producing party or destroy it.

10. Any information that has been designated as CONFIDENTIAL INFORMATION, including any portion of a document that quotes or paraphrases CONFIDENTIAL INFORMATION, that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which the following shall be written: the caption of this action, a generic designation of the contents of such sealed envelope or other container, and the words: CONFIDENTIAL - FILED UNDER SEAL - SUBJECT TO PROTECTIVE ORDER.

### EXCLUSION OF PUBLIC DOMAIN INFORMATION

11. Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, unless the obtaining party learned about or discovered the relevant documents or information because they were produced or made available for inspection in discovery in this lawsuit and designated as CONFIDENTIAL INFORMATION.

### USE OF CONFIDENTIAL INFORMATION AT TRIAL

12. The use of CONFIDENTIAL INFORMATION as evidence at the trial in this case shall be subject to such protection as the Court shall determine at the time. No party hereto waives any right it may have to object on any ground to the admission in evidence at the trial of this action of any CONFIDENTIAL INFORMATION. A party that intends to introduce CONFIDENTIAL INFORMATION at a hearing or trial shall notify the party that designated the material as CONFIDENTIAL INFORMATION prior to the time at which it intends to introduce the opponent's CONFIDENTIAL INFORMATION. If the opponent desires to maintain the

confidentiality of this material, it shall be responsible for taking appropriate measures with the Court to maintain confidentiality.

## NON-WAIVER OR PRIVILEGES AND OBJECTIONS

13. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the attorney work product doctrine or materials which are otherwise beyond the scope of permissible discovery.

14. Nothing in this Protective Order shall be construed to mean that the production of a document or thing (in whole or in part) constitutes either (a) an admission by any party that the produced item is relevant, authentic, or properly produced, or (b) a waiver of any right properly to withhold from production any other document.

## MISCELLANEOUS

15. The terms of this Protective Order shall survive the final termination of this litigation and shall continue to apply fully to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record. Following final termination of this litigation, this Court shall retain and have jurisdiction over the parties and all persons who received access to CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order.

16. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

17. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this action, and in the course

thereof, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION nor the source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

18. This protective order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information. The fact that information is designated as CONFIDENTIAL INFORMATION under this Protective Order shall not determine or affect what the trier of fact may find to be confidential or proprietary.

19. In the event that the Producing Party believes that the Receiving Party has breached the terms of this Protective Order, the Producing Party will notify the Receiving Party of such facts which leads it to believe there exists a breach. If the Receiving Party, within the first five (5) days of notice of the alleged breach, cannot rectify the alleged breach or show that no such breach occurred to the Producing Party's satisfaction, or if the Parties cannot otherwise resolve the alleged breach, the Producing Party may move the Court for appropriate relief, whether by Motion or otherwise.

20. No later than forty-five (45) days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each party shall destroy or assemble and return to the opposing party all CONFIDENTIAL INFORMATION produced by the opposing party and shall destroy or return all copies thereof made by that party which the party has in its possession, custody, or control. The attorneys for the parties shall be entitled to retain all pleadings and litigation documents, including exhibits and their own

memoranda containing CONFIDENTIAL INFORMATION, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not be disclosed without the written permission of the opposing party or an Order of this Court.

21. In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Protective Order in writing to all parties to this suit with respect to any CONFIDENTIAL INFORMATION provided to the requesting party by the non-party.

APPROVED AND SO ORDERED this 13th day of DEC, 2013.

Dated: 12/13/13

United States District Court Judge

The parties hereby agree to the above Order to be entered by the Court

__/s/ Harvey S. Williams_____
Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
*Counsel for Plaintiffs*

__/s/ J. Michael Hannon_____
J. Michael Hannon, Esq.
David Crowley, Esq.
1901 18th Street, NW
Washington, DC 20009
*Attorney for Defendant VOCA Corporation of Washington D.C.*

__/s/ James S. Aist_____
James S. Aist, Esq.
Anderson, Coe & King, LLP
Seven S1. Paul Street, Suite 1600
Baltimore, MD 21202
*Attorney for Defendants PSI Associates, Inc. and PSI Services, Inc.*

__/s/ Thomas C. Mugavero_____
Thomas C. Mugavero, Esquire
Whiteford, Taylor & Preston L.L.P.
3190 Fairview Park Drive, Suite 300
South Falls Church, VA 22042
*Attorney for Defendant Individual Development, Inc.*

__/s/ Dana E. Hill_____
Dana E. Hill
Assistant Attorney General
Office of the Attorney General for the District of Columbia
441 4th St., NW, Suite 630 South
Washington, D.C. 20001
*Attorney for Defendant District of Columbia*

**EXHIBIT A**

DECLARATION OF   <u>(Name of Declarant)</u>

I, _____, declare as follows:

1. My address is _____

_____.

2. My present employer is _____

located at _____

_____.

3. My present occupation or job description is _____

_____.

4. I have received a copy of the Protective Order entered in the case of *Felton v. D.C. et al.*

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all terms and provisions of the Protective Order.

7. I will hold in confidence, not disclose to anyone not designated in the Protective Order, and will use only for purposes of this action any information or documents designated as CONFIDENTIAL INFORMATION.

8. I will destroy or return to counsel for the party who disclosed or furnished such documents to me:

- all documents designated as CONFIDENTIAL INFORMATION which may come into my possession; and

- all documents or things which may paraphrase or otherwise convey CONFIDENTIAL INFORMATION which I may prepare

promptly upon the request of the party's counsel who has retained my services or upon the conclusion of this litigation or upon final resolution of any appeal therefrom.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the Protective Order and of the terms of this Declaration.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____ in _____.
                (Date)                          (City and State/Province)

_____